## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MAOULOUDOU KANE**<br>226 Tree Farm Road<br>Stroudsburg, Pennsylvania 18360<br><br>　　　　Plaintiff<br><br>　　　v.<br><br>**WORCESTER COUNTY**<br>**SHERRIFF'S DEPARTMENT**<br>1 West Market Street<br>Snow Hill, MD 21863<br>(Worcester County)<br><br>　　　　and<br><br>**SHERIFF MATTHEW**<br>**CRISAFULLI**<br>1 West Market Street<br>Snow Hill, MD 21863<br>(Worcester County)<br><br>　　　　and<br><br>**WORCESTER COUNTY BOARD OF**<br>**COMMISSIONERS**<br>**c/o Joseph M. Mitrecic, President**<br>1 West Market Street<br>Snow Hill, MD 21863<br>(Worcester County)<br><br>　　　　and<br><br>**MARK WETZEL**<br>6440 Whiton Road<br>Snow Hill, Maryland 21863<br>(Worcester County)<br><br>　　　　and | Case No._____<br><br><br>Jury Trial Demanded |

**STATE OF MARYLAND**
80 Calvert Street
Annapolis, Maryland 21401
    **Serve on:**
    **The Honorable Nancy Kopp**
    State of Maryland Treasurer's Office
    80 Calvert Street
    Annapolis, Maryland 21401
    (Anne Arundel County)

    Defendants

## COMPLAINT AND JURY DEMAND

Plaintiff, Maouloudou Kane, by and through undersigned counsel, hereby sues Defendants State of Maryland, Worcester County Board of Commissioners, Worcester County Sheriff's Office, Worcester County Sheriff Matthew Crisafulli, and former Worcester County Sheriff's Deputy Gregory Wetzel, and alleges:

## INTRODUCTION

This lawsuit arises out of a traffic incident that ended with Defendant Wetzel, then a Worcester County Sheriff's Deputy, using excessive force when he rammed Plaintiff with his two-ton police SUV while Plaintiff stood next to his motorcycle in the grassy median of Maryland Route 113 in Snow Hill, Maryland.

Plaintiff was riding his motorcycle from his home in Pennsylvania to Virginia Beach. Unbeknownst to Mr. Kane, Wetzel was pursuing him at a substantial distance for alleged traffic violations. After another motorist negligently entered the roadway, forcing Plaintiff to "lay down" his motorcycle to avoid a collision, multiple motorists stopped to check on Mr. Kane. As they sat watching, and Mr. Kane tried to pick up his motorcycle to assess the damage, Wetzel approached the crash scene at high speed, and steered

2

around one of the stopped vehicles to veer into the median and strike Mr. Kane and his motorcycle. Disregarding the serious injuries he inflicted, Wetzel forced Mr. Kane to the ground and left him handcuffed and bleeding until another deputy arrived, administered first-aid, and called for help.

Plaintiff was air-lifted to Maryland Shock Trauma. Although he suffered permanent injuries to his right leg and back, Mr. Kane was lucky to survive – a deep laceration from the impact of Wetzel's vehicle narrowly missed Kane's femoral artery. In addition to the physical toll, Mr. Kane suffers from severe emotional distress, including PTSD.

Mr. Kane has no criminal history and has struggled to process why Wetzel used such violent and potentially fatal force when Mr. Kane posed no danger to anyone and was being pursued for traffic violations. Even if there was just cause for a high-speed pursuit, any pursuit was objectively over when Wetzel arrived. There is no justification, and there was no provocation, for Wetzel's use of objectively unreasonable force.

Plaintiff brings this action for, among other things, Wetzel's deliberate violation of Plaintiff's rights guaranteed by the U.S. Constitution and Articles 24 and 26 of the Maryland Declaration of Rights.

## PARTIES

1.      Plaintiff, Maouloudou Kane is an adult citizen of the State of Pennsylvania.

2.      Defendant State of Maryland is one of the fifty states.

3.      Defendant Worcester County is a political subdivision of the state of Maryland.

4.      Defendant Worcester County Board of Commissioners is comprised of seven individuals, one from each County Commissioner District, and is responsible for the general government of Worcester County.

5.      At all relevant times, the Worcester Commissioners held title to Wetzel's police vehicle, and was empowered adopt personnel rules and regulations applicable to all employees of the Worcester County Sheriff's Department, including Wetzel.

6.      Defendant Matthew Crisafulli is the Sheriff of Worcester County. Pursuant to Md. Cts. & Jud. Pro. Ann. §2-337, the Sheriff of Worcester County has the power to appoint all deputy sheriffs and is responsible for adopting all procedures and other regulations applicable to said deputy sheriffs as well as all disciplinary matters involving same. Plaintiff sues Sheriff Crisafulli in his individual and official capacities.

7.      Defendant Worcester County Sheriff's Department is an agency of Worcester County empowered to perform law enforcement functions in Worcester County.

8.      Defendant Gregory Wetzel is an adult resident of Worcester County, Maryland. At all relevant times, Wetzel was a deputy sheriff in the Worcester County Sherriff's Department acting in individual and official capacities as dual agents of Worcester County and the State of Maryland. Plaintiff sues Wetzel in his individual and official capacities.

9.      In addition to Defendant Wetzel serving as dual agents, the County is a proper defendant here and has a statutory obligation under Md. Code, § 9-108 of the State Finance and Procurement Article to insure, defend and indemnify for torts committed by

4

a Sheriff's Deputy, such as Wetzel, when they purported to perform a law enforcement function.

## NOTICE

10.    On or about April 2, 2020, Plaintiff provided timely notice of this claim to Honorable Nancy K. Kopp, State Treasurer, and the Worcester County Board of Commissioners to comply with the Maryland Torts Claims Act and the Local Government Tort Claims Act.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law, and, as to the remaining claims, pursuant to 28 U.S.C. §1367.

12.    All Defendants either reside in, are employed in, or conduct substantial business in Worcester County, Maryland and all the tortious acts or omissions giving rise to these claims were committed in Maryland. Venue is therefore proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

13.    Maouloudou Kane was riding his motorcycle southbound on State Route 113 Worcester Highway on May 26, 2019.

14.    Then-Deputy Wetzel, along with other officers, initiated pursuit of Mr. Kane for alleged traffic violations, including exceeding the speed limit.

15.    Mr. Kane's motorcycle was registered in Pennsylvania, and he has no criminal history.

16.     Wetzel accelerated to speeds over 100 miles per hour in his 2013 Chevrolet Tahoe, a vehicle weighing more than two tons.

17.     At various times during the pursuit, Wetzel drove in oncoming lanes of traffic through a construction zone and sped by the other officers in pursuit.

18.      Although Mr. Kane was operating his motorcycle in excess of the speed limit, he had no idea that the police were in pursuit.

19.     A few minutes later, completely out of view of Wetzel, a vehicle entered Route 113, causing Mr. Kane to swerve and go into a slide to avoid a crash.

20.     Mr. Kane and his motorcycle ended up in a grassy median on the left side Southbound Rt. 113.

21.     As Wetzel approached the crash scene at high speed, three civilian vehicles were pulling to the side of the road in consideration of Mr. Kane's crash, as evident from the outward-facing dash camera on Wetzel's vehicle.



*Figure 1- Frame 14:53:21 from Dep. Wetzel Dash Camera*

22.     Mr. Kane was attempting to right the 400+ pound motorcycle to check for damage when Wetzel steered his vehicle around Vehicle 1 (V1) in Figure 1 then veered left, into the grass where Mr. Kane was standing.



*Figure 2- Frame 14:53:26 from Dep. Wetzel Dash Camera*

23.     Civilians looked on in shock as Wetzel slammed his massive vehicle into Mr. Kane's motorcycle and Mr. Kane, knocking him backwards and causing severe injuries to his back and right leg.

24.     No reasonable law enforcement officer in Wetzel's position could have approached that scene and determined that striking Mr. Kane with a vehicle, an act reasonably likely to cause serious injury or death, was necessary or justified.

25.     Mr. Kane has no criminal history, and was not wanted for, or suspected of, a serious crime.

26.     When Wetzel approached Mr. Kane, it was obvious that he had crashed his motorcycle and did not pose a danger to anyone – there were no exigent circumstances.

27.     Recklessly steering a two-ton SUV toward a pedestrian is a use of force beyond justification, but particularly where, as here, the target poses no imminent threat of danger to anyone.

28.     As Mr. Kane stumbled from the collision, Wetzel exited his vehicle screaming for Mr. Kane to lay down on the ground. After Mr. Kane complied, and

despite his obvious injuries, Wetzel forcibly restrained Mr. Kane on the ground, cuffing his hands tightly behind his back.

29. In nearly 90-degree heat, Wetzel left Mr. Kane face down on the ground, handcuffed, bleeding, and with his stifling motorcycle helmet still strapped, all while Wetzel paced excitedly back and forth, seemingly exhilarated by his actions.

30. Wetzel made no effort to check to see if Mr. Kane was injured.

31. Not until another deputy arrived did they recognize the potentially life-threatening severity of the laceration to Mr. Kane's upper thigh, dangerously close to his femoral artery, and the deputy ordered Wetzel to retrieve a tourniquet from his vehicle.

32. Mr. Kane was transported by helicopter to Maryland Shock Trauma.

33. While he was fortunate to survive, Mr. Kane suffered permanent physical and emotion injuries, and was diagnosed with PTSD.

34. Nearly three years later, Mr. Kane still struggles to cope with the emotional toll of Wetzel's actions, reasonably believing that Wetzel's conduct was calculated to severely injure, maim, or kill Mr. Kane.

35. Mr. Kane also suffers from permanent physical scarring, muscle weakness, and nerve damage from the impact of Wetzel's police vehicle.

## COUNT I
### *Battery*
### All Defendants

36. The preceding paragraphs are incorporated herein.

37. Wetzel, using his police vehicle as the instrument, recklessly touched Mr.

Kane in a harmful and forceful manner, specifically by striking Mr. Kane with said vehicle at speed.

38.     Defendant Wetzel's actions were undertaken recklessly and without legal justification.

39.     As a direct and proximate result of Defendant's battery, Mr. Kane suffered physical damages, including leg and back injuries, and severe emotional distress.

40.     At all relevant times, Wetzel was acting in his official capacity as a Worcester County Deputy Sheriff.

41.     Defendant State of Maryland is vicariously liable because Wetzel was acting within the scope of his employment.

WHEREFORE, Maouloudou Kane requests that the Court enter judgment in his favor and against Defendants Wetzel and State of Maryland jointly and severally as follows: (1) compensatory damages of $5,000,000.00, which amount will be proven at trial; (2) reasonable attorneys' fees and costs, as permitted; (3) pre- and post-judgment interest; (4) punitive damages to the fullest extent permitted by law; and (5) any other and further relief as this Court may deem just and proper.

### **COUNT II**
### *Intentional Infliction of Emotional Distress*
### **All Defendants**

42.     The preceding paragraphs are incorporated herein.

43.     Wetzel applied unnecessary and unlawful force against Mr. Kane when he smashed his Chevrolet Tahoe into Mr. Kane and his motorcycle.

44.     Mr. Kane immediately suffered physical injury and was transferred by

helicopter to University of Maryland Shock Trauma.

45.     Wetzel's conduct was outrageous, extreme, without legal justification, and beyond the bounds of decency in society.

46.     Wetzel knew, or should have known, that his conduct was reckless, indifferent, and highly likely to cause severe emotional distress to Mr. Kane.

47.     As a direct and proximate result of Defendant's battery, Mr. Kane suffered physical damages, including leg and back injuries, and severe emotional distress.

48.     At all relevant times, Wetzel was acting in his official capacity as a Worcester County Deputy Sheriff.

49.     Defendant State of Maryland is vicariously liable because Wetzel was acting within the scope of his employment.

WHEREFORE, Maouloudou Kane requests that the Court enter judgment in his favor and against Defendants Wetzel and State of Maryland jointly and severally as follows: (1) compensatory damages of $5,000,000.00, which amount will be proven at trial; (2) reasonable attorneys' fees and costs, as permitted; (3) pre- and post-judgment interest; (4) punitive damages to the fullest extent permitted by law; and (5) any other and further relief as this Court may deem just and proper.

## COUNT III
### *42 U.S.C. § 1983 Excessive Force*
### Defendant Deputy Wetzel

50.     The preceding paragraphs are incorporated herein.

51.     At all relevant times, Defendant Wetzel was a state actor and "person" within the meaning of 42 U.S.C. § 1983, and was acting within the scope of his

employment as a Deputy Sheriff in the Worcester County Sheriff's Department.

52.    Wetzel's conduct, under color of State law, deprived Mr. Kane of his clearly established rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, said rights including, but not limited to, the right to be free from excessive force and freedom from the abuse of power by law enforcement.

53.    Wetzel deprived Plaintiff of these rights when he recklessly struck Mr. Kane with a two-ton police vehicle as Mr. Kane stood on the side of Rt. 113.

54.    Wetzel had ample time to stop his vehicle safely, or, in the alternative, steer away from Mr. Kane, yet he recklessly aimed his vehicle at Mr. Kane.

55.    Wetzel's acted with deliberate indifference toward Mr. Kane, and said actions were taken with reckless disregard for Mr. Kane's constitutionally protected rights, his physical safety, and his life.

56.    As a direct and proximate result, Mr. Kane suffered physical damages, including leg and back injuries, and severe emotional distress.

57.    Wetzel's deliberate indifference was the direct and proximate cause of Mr. Kane's physical and emotional injuries.

WHEREFORE, Maouloudou Kane requests that the Court enter judgment in his favor and against Defendants Wetzel and State of Maryland jointly and severally as follows: (1) compensatory damages of $5,000,000.00, which amount will be proven at trial; (2) reasonable attorneys' fees and costs, as permitted; (3) pre- and post-judgment interest; (4) punitive damages to the fullest extent permitted by law; and (5) any other and further relief as this Court may deem just and proper.

## COUNT IV
### *Article 24 of the Maryland Declaration of Rights – Excessive Force*
### All Defendants

58.     The preceding paragraphs are incorporated herein.

59.     At all relevant times, Defendants acted under color of the laws of the State of Maryland.

60.     Defendant Wetzel used unreasonable, unnecessary and excessive force in the treatment of Mr. Kane, thereby injuring him and violating his right to be free from the use of such force protected by Article 24 of the Maryland Declaration of Rights.

61.     Wetzel's actions were without provocation or legal justification and were undertaken deliberately and with the intent to violate Mr. Kane's rights under Article 24 of the Maryland Declaration of Rights to be free from excessive force.

62.     Mr. Kane presented no danger to anyone, including Defendant Wetzel, at the time Wetzel, acting with ill-will and actual malice, used his vehicle to strike Mr. Kane.

63.     As a direct and proximate result of Wetzel's deliberately indifferent conduct, Mr. Kane suffered physical damages, including leg and back injuries, and severe emotional distress.

64.     In the foregoing acts, Wetzel was acting as agent of, and within the scope of his employment with, Worcester County and State of Maryland as a deputy sheriff.

65.     Worcester County Sheriff's Department, Worcester County, and the State of Maryland are vicariously liable for Wetzel's violations of Mr. Kane's rights under

Article 24 of the Maryland Declaration of Rights.

WHEREFORE, Maouloudou Kane requests that the Court enter judgment in his favor and against Defendants Wetzel and State of Maryland jointly and severally as follows: (1) compensatory damages of $5,000,000.00, which amount will be proven at trial; (2) reasonable attorneys' fees and costs, as permitted; (3) pre- and post-judgment interest; (4) punitive damages to the fullest extent permitted by law; and (5) any other and further relief as this Court may deem just and proper.

### COUNT V
*Article 26 of the Maryland Declaration of Rights –*
*Excessive Force and Deprivation of Liberty*
**All Defendants**

66.   The preceding paragraphs are incorporated herein.

67.   By the actions described above, Wetzel deprived Mr. Kane of his rights under Article 26 of the Maryland Declaration of Rights, including, but not limited to, freedom from unlaw search or seizure, loss of liberty, and the right to bodily integrity.

68.   Defendant Wetzel used unreasonable, unnecessary and excessive force without provocation or legal justification, and acted deliberately to violate Plaintiff's rights under Article 26 of the Maryland Declaration of Rights.

69.   Mr. Kane presented no danger to anyone, including Defendant Wetzel, at the time Wetzel, acting with ill-will and actual malice, used his vehicle to strike Mr. Kane.

70.   As a direct and proximate result of Wetzel's deliberately indifferent conduct, Mr. Kane suffered physical damages, including leg and back injuries, and severe

emotional distress.

71.     In the foregoing acts, Wetzel was acting as agent of, and within the scope of his employment with, Worcester County and State of Maryland as a deputy sheriff.

72.     Worcester County Sheriff's Department, Worcester County, and the State of Maryland are vicariously liable for Wetzel's violations of Mr. Kane's rights under Article 26 of the Maryland Declaration of Rights.

WHEREFORE, Maouloudou Kane requests that the Court enter judgment in his favor and against Defendants Wetzel and State of Maryland jointly and severally as follows: (1) compensatory damages of $5,000,000.00, which amount will be proven at trial; (2) reasonable attorneys' fees and costs, as permitted; (3) pre- and post-judgment interest; (4) punitive damages to the fullest extent permitted by law; and (5) any other and further relief as this Court may deem just and proper.

**COUNT VI**
***42 U.S.C. § 1983 Excessive Force – MONELL***
**Defendants Worcester County Commissioners, Sheriff Crisafulli, and Worcester County Sheriff's Department**

73.     The preceding paragraphs are incorporated herein.

74.     It is the custom and practice of the Worcester County Sherriff's Department, Worcester County, and Sheriff Crisafulli, to permit officers to engage in reckless endangerment.

75.     State of Maryland and Worcester County failed to properly train and supervise their deputy sheriffs including but not limited to Deputy Wetzel.  The failure to train demonstrates gross disregard for constitutional rights of the public and Mr. Kane

and was a proximate cause of Mr. Kane's injuries.  The failure to train is so patently obvious from Deputy Wetzel's conduct that constitutional violations would be the expected result.

76.     As a result, of the failure to train and permitted pattern or practice, patrol officers are granted unfettered discretion to pursue and subdue people they perceive as threats, through the use of excessive force.

77.     Worcester County fails to act in reporting these incidents of reckless conduct to any supervising authority, and or the citizens of Worcester County.  The County lacks an effective internal affairs procedure and has no meaningful system to control or monitor its officers and employees who have a pattern or history of unlawful behavior.

78.     The execution of this custom and practice inflicted constitutional injury upon Mr. Kane.  Mr. Kane's Fourth and Fourteenth Amendment rights were violated as a result of the permissive use of excessive force throughout the department.

79.     This custom was a moving force behind the deliberate indifference to the constitutional rights of Mr. Kane.

WHEREFORE, Plaintiff Maouloudou Kane, requests that the Court enter judgment in his favor and against all Defendants, jointly and severally, as follows: (1) for compensatory damages of $5,000,000.00, which amount will be proven at trial; (2) for reasonable attorneys' fees and costs, as permitted under 42 U.S.C. § 1988; (3) pre- and post-judgment interest; (4) for punitive damages to the fullest extent permitted Worcester County acted with deliberate indifference in creating and implementing these policies and

in failing to remedy known deficiencies.

## COUNT VII
### *Negligent Training/Supervision/Retention*
### All Defendants

80.    The preceding paragraphs are incorporated herein.

81.    The State of Maryland, Sherriff Crisafulli, Worcester County Commissioners, and Worcester County Sherriff's Department had a duty to train, supervise and retain competent employees.

82.    The State of Maryland, Worcester County Commissioners, and Worcester County Sherriff's Department maintained such gravely deficient hiring and supervision procedures in place that Deputy Wetzel was hired and not adequately trained such that he was permitted to engage in a vehicle chase and use his vehicle as a weapon to subdue a citizen that posed no threat.

83.    The State of Maryland, Worcester County Commissioners, and Worcester County Sherriff's Department failed to train Deputy Wetzel about the use of force and how excessive force can result in physical and mental trauma.

WHEREFORE, Maouloudou Kane requests that the Court enter judgment in his favor and against Defendants jointly and severally as follows: (1) for compensatory damages of $5,000,000.00, which amount will be proven at trial; (2) for reasonable attorneys' fees and costs, as permitted; (3) pre- and post-judgment interest; (4) for punitive damages to the fullest extent permitted by law; and (5) for such other and further relief as this Court may deem just and proper.

## COUNT VII

16

***Negligence***
**All Defendants**

84.     The preceding paragraphs are incorporated herein.

85.     Upon information and belief, the vehicle driven by Deputy Wetzel was owned and insured by the Worcester County Board of Commissioners.

86.     Deputy Wetzel was negligent when he operated the vehicle in a reckless and negligent manner in failing to avoid direct collision with another individual.

87.     Deputy Wetzel was acting within the scope of his duty as a law enforcement officer when he plowed into Mr. Kane and the motorcycle.

88.     The State of Maryland, Worcester County Commissioners, and Worcester County Sheriff's Department are vicariously liable for the acts of their employees and/or agents.

WHEREFORE, Maouloudou Kane requests that the Court enter judgment in his favor and against Defendants jointly and severally as follows: (1) for compensatory damages of $5,000,000.00, which amount will be proven at trial; (2) for reasonable attorneys' fees and costs, as permitted; (3) pre- and post-judgment interest; (4) for punitive damages to the fullest extent permitted by law; and (5) for such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiffs demand a jury trial.


Date: May 18, 2022                    KEILTY BONADIO, LLC

17

/s/ *Thomas W. Keilty, III*

Thomas W. Keilty, III (Bar No. 18992)
tkeilty@kblitigation.com
Nicholas C. Bonadio (Bar No. 13679)
nbonadio@kblitigation.com
One South Street, Suite 2125
Baltimore, Maryland 21202
Tel: (410) 646-8880
Fax: (855) 595-2385
*Attorneys for Plaintiff*